```
                UNITED STATES DISTRICT COURT

          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

          HONORABLE ALEXANDER MACKINNON, U.S. MAGISTRATE JUDGE



UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
               vs.           )
                             )    2:19-MJ-994
MOSSIMO GIANNULLI,           )
                             )
          Defendant.         )
_____)
                             )
                             )
                             )



              REPORTER'S TRANSCRIPT OF PROCEEDINGS

                    Los Angeles, California

                    Tuesday March 12, 2019



              _____

                    AMY DIAZ, RPR, CRR, FCRR
                    Federal Official Reporter
                    350 West 1st Street, #4455
                    Los Angeles, CA 90012


   *Please order court transcripts here:  www.amydiazfedreporter.com*
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
 1   APPEARANCES OF COUNSEL:
 2
     For the Plaintiff:
 3
 4            United States Attorney
              By:  ALEX WYMAN
 5                Assistant United States Attorney
              United States Courthouse
 6            312 North Spring Street
              Los Angeles, California 90012
 7

 8
     For the Defendant:
 9
              By:  MARC HARRIS, Attorney at Law
10                 Scheper Kim & Harris LLP
              601 West 5th Street, 12th Floor
11            Los Angeles, California 90017

12                 PERRY VISCOUNTY, Attorney at Law
                   Latham & Watkins LLP
13            650 Town Center Drive, 20th Floor
              Costa Mesa, California 92626
14

15

16

17

18

19

20

21

22

23

24

25
```

```
1              THE CLERK:  Calling case number 19-00994M United
2     States of America vs. Mossimo Giannulli.
3              Counsel, please make your appearances.
4              MR. WYMAN: Good afternoon again, Your Honor.  Alex
5     Wyman on behalf of the United States.
6              MR. HARRIS: Yes, Your Honor.  Apologize.  Marc
7     Harris on behalf of the defendant.  Also with me is Perry
8     Viscounty, also representing the defendant.
9              THE COURT:  Good afternoon.
10             MR. VISCOUNTY: Good afternoon, Your Honor.
11             THE COURT:  Good afternoon, sir.
12             Sir, is your name Mossimo Giannulli?
13             THE DEFENDANT: Yes, sir.
14             THE COURT:  Is it correct that you have retained
15    counsel in this matter, Mr. Harris and Mr. Viscounty?
16             THE DEFENDANT: That's correct.
17             THE COURT:  Thank you.  Is it also correct that you
18    signed an advisement of your statutory constitutional rights?
19             THE DEFENDANT: That's correct.
20             THE COURT:  Before you signed this document, did you
21    read and understand the rights that are in the document?
22             THE DEFENDANT: I did and do, yes.
23             THE COURT:  Okay.  Thank you.
24             Have you read the Complaint and Affidavit in this
25    case?
```

1           THE DEFENDANT: I have.
2           THE COURT:  I'm not asking you at this time to admit
3  or deny the charges that are in those documents, but you
4  understand what it is the government claims that you did?
5           THE DEFENDANT: I do.
6           THE COURT:  Thank you.
7           It's my understanding with regard to this case there
8  is a disagreement over the terms of release; is that correct?
9           MR. WYMAN: Your Honor, I think we have resolved the
10 disagreement.
11          THE COURT:  Okay.
12          MR. WYMAN: The parties are in agreement that there
13 should be a $1 million secured bond.  Although again, we have
14 not discussed the -- which specific property it should be
15 secured by.  Although the government again would be fine with
16 the property listed as his primary residence in the Pretrial
17 Services report.
18          MR. HARRIS: On that matter, I ask if we could not
19 state that address in open court, and for reasons I can
20 describe to the Court, if necessary, but we do agree that
21 that is the proper address, and we are willing to post that
22 as security.
23          THE COURT:  I won't read that here on the record,
24 but it will be noted on the bond form.  That is usually --
25 the bond forms, are they under seal typically?

1          MR. WYMAN: I believe they are, Your Honor.

2          THE CLERK:  No, sir.

3          MR. WYMAN: I believe they are redacted typically.

4          THE COURT:  We will seek to protect that address.

5          MR. HARRIS: Thank you, Your Honor.

6          THE COURT:  And what's the ownership of that
7   property?

8          THE DEFENDANT: Family trust.

9          THE COURT:  And who are the trustees?

10         MR. HARRIS: The defendant and his wife, who is also
11   a defendant in the matter, Your Honor.

12         THE COURT:  That's right.  Okay.

13         So the Court -- I'll just have this bond signed by
14   the defendant with the full deeding of the property
15   obligation.

16         What is the length of time we are going to need for
17   that deeding?

18         MR. HARRIS: I think the date of the 29th that the
19   Court gave in the previous matter would work for us, as well.

20         THE COURT:  Okay.  So the Court finds that there are
21   a set of conditions that will reasonably assure the
22   appearance of the defendant at future court proceedings and
23   the safety of the community; and therefore, sets bond as
24   follows:

25         First of all, the defendant will be released today

1  upon signing of the bond.  It will be a $1 million appearance
2  bond with full deeding of property.  And the property that
3  will be securing the bond is the defendant's home address
4  that is identified in the Pretrial Services report.
5        In addition to the standard conditions of release on
6  the bond form, the following additional conditions of release
7  are also imposed:
8        The defendant is subject to supervision by Pretrial
9  Services as directed by Pretrial Services.
10       My understanding is the defendant's passport was
11 already surrendered today?
12       MR. HARRIS: Yes, Your Honor.
13       THE COURT:  The defendant shall sign a declaration
14 regarding passport and other travel documents and submit that
15 today.
16       MR. HARRIS: That has been signed, yes.
17       THE COURT:  Thank you.
18       And the defendant shall not apply for a passport or
19 other travel document during the pendency of this case.
20       Travel by the defendant is restricted to the
21 continental United States unless prior permission is granted
22 by Pretrial Services to travel to a specific other location
23 within the United States.  And court permission will be
24 required before there be any international travel by the
25 defendant.

1        The defendant shall reside as approved by Pretrial
2   Services and not relocate without prior permission of
3   Pretrial Services.
4        Let me ask, with regard to employment, I couldn't
5   really tell, the defendant is employed currently; is that
6   right?
7        MR. HARRIS: He is.
8        THE COURT: So the defendant shall maintain his
9   current employment and provide proof of such to Pretrial
10  Services. If he were to change his job, he would require
11  approval of Pretrial Services.
12       The defendant shall avoid all contact, directly or
13  indirectly, including by any electronic means, by any person
14  who is a known victim or witness in the subject investigation
15  or prosecution. And he shall avoid all contact, directly or
16  indirectly, including by any electronic means, with any known
17  codefendant, except in the presence of counsel.
18       As an exception to this, the defendant may have
19  contact with his wife, who is also a codefendant in the
20  matter.
21       And these two -- these last two provisions will
22  apply both to the Complaint and the Indictment relating to
23  this investigation.
24       MR. HARRIS: Yes, Your Honor.
25       THE COURT: Okay. And those are the conditions that

1    the Court will impose.
2         MR. WYMAN: Your Honor, I apologize, I may have
3    missed the travel restriction.
4         THE COURT:  I did limited to continental United
5    States.
6         MR. WYMAN: Thank you, Your Honor.
7         THE COURT:  Sir, as I mentioned at the beginning of
8    these proceedings, there are serious consequences if you fail
9    to abide by any of these conditions or fail to appear at
10   future court proceedings.
11        As I indicated to the last defendant, you are
12   deeding property.  If you were to violate your conditions of
13   release or not show up for future proceedings, the bond could
14   be forfeited and the government could foreclose on your
15   residence.
16        In light of these, and there is other serious
17   consequences that I mentioned, as well, but in light of these
18   potential consequences, do you agree to abide by all of the
19   conditions of your release?
20        THE DEFENDANT: I do.
21        THE COURT:  Thank you.
22        MR. HARRIS: For the record, put one thing on the
23   record, if I may? And that is that we agree to the conditions
24   with the government, not withstanding the issues that the
25   Court has raised about it being somewhat excessive given the

1   case, on the condition that the government would agree to
2   similar conditions for the defendant's wife, and also allow
3   the defendant's wife to travel internationally for work.
4   That is going to be the government's recommendation,
5   understanding that the Court may not agree with that when we
6   are before the Court on that matter, but that is the basis
7   for our agreement to this substantial bond.
8           THE COURT:  And in all likelihood, it will be a
9   different magistrate judge, so...
10          MR. HARRIS: Understood, Your Honor.
11          THE COURT:  Is the representation correct?
12          MR. WYMAN: It is.  It's a little bit narrower.  We
13  agreed to allow her to travel to Vancouver and back; not
14  internationally at large.
15          MR. HARRIS: Yes, Your Honor.  Thank you.
16          THE COURT:  Thank you.  Okay.
17          MR. HARRIS: Yes, Your Honor.
18          THE COURT:  The Court's also received a signed
19  waiver of rights regarding out-of-district cases.
20          Sir, did you sign this document?
21          THE DEFENDANT: I did.
22          THE COURT:  Okay.  And did you understand that by
23  signing this document, you are waiving your right to have an
24  identity hearing here in this district?
25          THE DEFENDANT: I do.

1     THE COURT: So --

2     MR. HARRIS: The defendant is also prepared to waive
3 arrival of process, as well.

4     THE COURT: He's not seeking a preliminary hearing
5 in this district, is he?

6     MR. HARRIS: Not in this district. As far as we know
7 there has not been an indictment returned and he does want to
8 assert his rights to a preliminary hearing.

9     THE COURT: I think there we want to check off
10 arrival of process and check the bottom box, too, I think.

11     MR. HARRIS: May I approach?

12     THE COURT: Sure.

13     Okay. Sir, do you understand that by signing this
14 document, you are waiving your right to an identity hearing,
15 arrival of process, you are requesting a preliminary hearing
16 in the charging district, which is the District of
17 Massachusetts?

18     THE DEFENDANT: I do.

19     THE COURT: Thank you. Have you had an opportunity
20 to talk with your counsel about these rights and the
21 consequences of waiving them?

22     THE DEFENDANT: I have.

23     THE COURT: Is it your desire to give up those
24 rights at this time?

25     THE DEFENDANT: Yes, sir.

1           THE COURT:  Does the defendant's counsel concur?
2           MR. HARRIS: I do.
3           THE COURT:  The Court accepts the waiver as knowing
4    and voluntary.
5           What is the time and date of the appearance for this
6    defendant in Boston?
7           MR. WYMAN: March 29th at 2:30 PM.
8           THE COURT:  Okay.  Sir, you are ordered to appear at
9    that time and date in Boston at the Federal Courthouse.  I
10   gave the address at the beginning of these proceedings.  You
11   are ordered to be there at that time and place, okay?
12          THE DEFENDANT: Yes, sir.
13          THE COURT:  Anything further?
14          MR. WYMAN: No, Your Honor.
15          MR. HARRIS: No, Your Honor.  Thank you.
16          THE COURT:  Thank you.
17                   *****     *****     *****

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
 1
 2    I certify that the foregoing is a correct transcript from the
 3    record of proceedings in the above-titled matter.
 4
 5
 6
 7    _____
 8
 9    Amy C. Diaz, RPR, CRR              March 26, 2019
10    S/  Amy Diaz
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER